**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DWIGHT W. KNOWLES**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WESTERN UNION FINANCIAL SERVICES, et al.,**<br><br>**Defendants.** | **Case No. 26-cv-02501 (APM)** |

## MEMORANDUM OPINION

Pro se Plaintiff Dwight Knowles is a prisoner at FCI Beaumont, where he is serving a sentence for drug-related offenses. He brings this action against Susan Carter and her employer, Western Union. *See* Compl., ECF No. 1 [hereinafter Compl.]. Apparently, Carter testified at Plaintiff's trial about Western Union records that the government introduced as evidence. Compl., Ex. 1, ECF No. 1-1, at 1. Plaintiff alleges that "Ms. Carter testified to Fraudulent information from Western Union database under direct examination," which led to his conviction and sentence. *Id.* He seeks billions of dollars in damages. *Id.*

It is long settled that a witness like Carter is absolutely immune from civil liability for trial testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 332 (1983); *Briggs v. Goodwin*, 712 F.2d 1444, 1449 (D.C. Cir. 1983) (citing *Briscoe*); *Hinton v. Shaw, Pittman, Potts & Trowbridge*, No. 03-7054, 2003 WL 22433757, at *1 (D.C. Cir. Oct. 27, 2003) ("The district court correctly determined that an absolute privilege protects appellees from civil claims based on testimony presented in the course of a judicial proceeding."). Western Union is too, as Carter testified in her capacity as an employee. The court therefore cannot hear Plaintiff's claim.

This action is hereby dismissed. A final, appealable order accompanies this Memorandum Opinion.

Dated: August 26, 2026

Amit P. Mehta
United States District Judge